UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

James E. Moore and Tim McGough, as
Trustees of the Carpenters & Joiners Welfare
Fund, Twin City Carpenters Pension Master
Trust Fund, and Twin City Carpenters Vacation
Fund; James E. Moore as Trustee of the
Carpenters and Joiners Apprenticeship and
Journeymen Training Trust Fund, and each of
their successors,

    Plaintiffs,

vs.

Stoic Drywall LLC and Chad R. Nelson,
individually,

    Defendants.

---

Civil File No. 10-0429 JNE/JSM

**REPORT AND RECOMMENDATION**

This matter came before the undersigned United States Magistrate Judge, upon the Plaintiffs Motion for Entry of Default [Docket No. 24]. Natalie W. Kohner, Esq., appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendants. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on February 16, 2010. The service was accomplished upon Defendants on February 24, 2010. The Amended Complaint was filed with the Court on September 20, 2010. The service was accomplished upon Defendants on September 21, 2010.

2. Defendant Stoic Drywall LLC is a Minnesota limited liability company and is engaged in the construction business with an address of 7034 – 19th Street North,

Unit 2, Oakdale, MN 55128. Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

3. Defendant Chad R. Nelson is an individual and an officer of Defendant Stoic Drywall LLC. He has agreed to be personally bound to the Plaintiffs for the fringe benefit contribution obligations. Defendant Nelson is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter Funds). The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement. All contributions must be made and all reports must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Trustees.

5. Defendants, through their execution of an Independent Agreement, are bound by a certain Collective Bargaining Agreement between the North Central States Regional Council of Carpenters (f/k/a Lakes and Plains Regional Council of Carpenters and Joiners) and the Carpentry Contractors Association and the Minnesota Drywall and Plaster Association.

6. The Collective Bargaining Agreement requires employers, such as Defendants, to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of all employees covered by the

2

Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

7. The Collective Bargaining Agreement requires employers, such as Defendants, to complete a report form with the information as required by the Trustees, identifying each of their employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

8. The Defendants, furthermore, by execution of the Collective Bargaining Agreement agreed to make available their employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with their fringe benefit contribution obligations.

9. The Collective Bargaining Agreement also provides that an employer is liable for liquidated damages of 10% for delinquent contributions, and further provides that Plaintiffs are entitled to their attorney fees and costs incurred in the collecting any delinquency.

10. Plaintiffs requested that Defendants produce the employment and payroll records for the audit period of November 2009 through the present for the purposes of auditing the records to determine their compliance with the terms of the Collective Bargaining Agreement. To date, Defendants have provided limited documents to Plaintiffs, consisting of fringe fund reports for part of the audit period, but have failed and refused to produce a complete set of the employment and payroll records.

11. Without a complete set of records for the period of November 2009 through the present to permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any amounts are owing, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendants' employees.

12. Defendants have failed to file and serve a response or Answer to the Amended Complaint. The Application for Entry of Default and Affidavit of Amanda R. Cefalu in support of the Application for Entry of Default were filed with the Court on October 6, 2010. The Clerk's Entry of Default was entered on October 7, 2010 [Docket No. 22].

13. Plaintiffs' Motion for Entry of Default and supporting materials were served on defendants by mail on October 26, 2010, and were also personally served on Chad Nelson, the CEO of Stoic Drywall, L.L.C., on October 29, 2010.

## **CONCLUSIONS OF LAW**

1. Defendants are in default, and Plaintiffs are entitled to Entry of Default.

2. Defendants have failed to produce a complete set of records as requested by Plaintiffs to allow Plaintiffs to complete an audit of their records for the period of November 2009 through the present.

3. Defendants are liable for all liquidated damages and for all delinquent fringe benefit contributions discovered to be due per the audit and for the delinquent months, and are further liable for interest and Plaintiffs' attorney fees and costs.

## **RECOMMENDATION**

Based upon the arguments of counsel, and upon the entire record herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiffs' Motion for Entry of Default [Docket No. 24] be **GRANTED**.

2. Defendants shall be required produce for inspection and audit a complete set of the following records for the period of November 2009 through the present:

    a. All hours by job report - for job audit purposes;

    b. All time cards;

    c. All Internal Revenue Quarterly 941s;

    d. All Internal Revenue Quarterly SUTAs;

    e. All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

    f. All 1099s and 1096 forms; and

    g. Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs

3. Production and inspection of the records set forth in paragraph 2 above shall occur within ten (10) days of entry of an Order adopting this Report and Recommendation and shall take place at the physical premises of the administrative agent, Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4. Following the production and inspection of the records listed in paragraph 2 above and upon the completion of the audit of these records by Plaintiffs for the period of November 2009 through the present, Plaintiffs shall serve on Defendants a demand for payment for all unpaid contributions, liquidated damages, interest, and

reasonable attorney fees and costs for the period of November 2009 through the present and Defendants shall deliver payment of this amount to Plaintiffs within ten (10) days of the demand.

5. If Defendants fail to make payment required by paragraph 4, Plaintiffs may move the Court for entry of a money judgment for all unpaid contributions, liquidated damages, interest, and reasonable attorney fees and costs, as shown by Affidavit filed with the Court, and the Court shall enter judgment ten (10) days after service of the motion and affidavit on Defendants.

6. If Defendants fail to comply with paragraph 2 above, Plaintiffs may move this Court for further relief and sanctions including an Order to Show Cause as to why Defendants should not be found in civil contempt for violation of this Court's Order pursuant to 18 U.S.C. § 401.

Dated: December 15, 2010

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 29, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **December 29, 2010**.